Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered July 9, 2012, which granted defendants’ motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiffs claim that defendants defamed them in an email informing nonparty Nasdi, LLC, the general contractor on a city construction project, that plaintiff City Safety Compliance Corp. would not be approved as a subcontractor on the project. The email stated that City Safety was “affiliated with Testwell Labs, a concrete testing company barred from public work due to a fraud conviction.” Plaintiffs argue that this statement is defamatory per se because it falsely implies a formal relationship between them and a convicted felon, which discredits them in their profession. In support, they rely on the definition of the word “Affiliate” in the rules of the City Procurement Policy Board, which involves the ownership of more than 50% of the voting stock (see 9 RCNY 2-08 [e] [1]), arguing that the audience for defendants’ statement, i.e., “construction firm procurement officials,” would understand the word “affiliated” to mean that City Safety would not likely be approved for city con *440 tracts — although the statement that it is affiliated with Testwell is untrue. However, since the word “affiliated” is not defined in the Procurement Policy Board Rules, the motion court correctly found that, based on the ordinary dictionary meaning of the word, an affiliation between City Safety and Testwell could be inferred from the affidavit by plaintiff Peter Amato, an owner of City Safety, stating that he was a 10% owner of another entity, Site Safety, LLC, of which the owner of the remaining 90% was also Testwell’s principal, who was convicted of fraud. The truth of the statement is a complete defense to the defamation claim (Dillon v City of New York, 261 AD2d 34, 39 [1st Dept 1999]).
In any event, the statement was communicated for a work-related purpose and is therefore protected by a qualified privilege (see Foster v Churchill, 87 NY2d 744, 751 [1996]; see e.g. O’Neill v New York Univ., 97 AD3d 199, 212 [1st Dept 2012]).
Contrary to plaintiffs’ contention, the complaint does not state a cause of action for tortious interference with contract, since it fails to allege the existence of a contract (see e.g. Jagarnauth v Massey Knakal Realty Servs., Inc., 104 AD3d 564 [1st Dept 2013]). Defendant Department of Parks and Recreation never approved City Safety as a subcontractor, as required for a valid subcontract with Nasdi.
Nor does the complaint state a cause of action under 42 USC § 1983. While plaintiffs allege that defendants’ conduct deprived City Safety of “its liberty interest in its ability to secure future government contracts,” we do not find that a contractor’s liberty interest is implicated either by the termination of a government contract or by a government agency’s true public statements about the contractor, even if the contractor’s business is damaged as a result (see e.g. S & D Maintenance Co., Inc. v Goldin, 844 F2d 962, 970-971 [2d Cir 1988]).
We have considered plaintiffs’ remaining contentions and find them unavailing. Concur — Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Feinman, JJ.